IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **NEAL TECHNOLOGIES, INC. d/b/a BULLET PROOF DIESEL,**<br><br>Plaintiff,<br><br>v.<br><br>**LARSON ELECTRONICS, LLC and ROBERT BRESNAHAN,**<br><br>Defendants. | C.A. No. 3:20-cv-00611-M<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendants Larson Electronics, LLC and Robert Bresnahan (collectively, "Defendants") file this, their Answer, Affirmative Defenses, and Counterclaims to Plaintiff Neal Technologies, Inc. d/b/a Bullet Proof Diesel's Complaint ("Complaint"). Defendants deny the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

**NATURE OF THE ACTION**

1. Defendants admit that the Complaint purports to set forth an action for infringement arising under the Patent Laws of the United States, Title 35, United States Code § 1 *et seq.*, but Defendants deny they have committed or are committing acts of infringement and deny Plaintiff is entitled to any relief. Defendants deny any remaining allegations in Plaintiff's Nature of the Action.

2. Defendants admit that a purported copy of U.S. Patent No. 10,347,975 (the "'975

---

[1] For avoidance of doubt, Defendants deny liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

1

Patent") is attached to the Complaint as Exhibit A. Defendants deny the remaining allegations in Paragraph 2 of the Complaint.

## THE PARTIES

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, deny all such allegations.

4. Defendants admit that Larson Electronics is a single-member limited liability company organized under the laws of the State of Texas with its principal place of business at 9419 E. Highway 175, Kemp, Texas 75143. Defendants do not contest whether service was proper in this action.

5. Defendants admit that Robert Bresnahan is a citizen of the State of Texas, the President of Larson Electronics, and the manager of Controlling Factor LP. Defendants do not contest whether service was proper in this action.

## JURISDICTION AND VENUE

6. Defendants admit that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent, but Defendants deny they have committed or are committing acts of infringement and deny Plaintiff is entitled to any relief.

7. Defendants do not contest whether venue is proper in this District in this case. Defendants deny they have committed or are committing acts of infringement within the State of Texas or in this District and, on that basis, deny the remaining allegations of Paragraph 7 of the Complaint.

8. Defendants do not contest whether personal jurisdiction over Larson Electronics

properly lies in this District in this case. Defendants deny they have committed or are committing acts of infringement within the State of Texas or in this District and, on that basis, deny the remaining allegations of Paragraph 8 of the Complaint.

9.   Defendants do not contest whether personal jurisdiction over Robert Bresnahan properly lies in this District in this case. Defendants deny that Robert Bresnahan is the alter ego of Larson Electronics. Defendants also deny they have committed or are committing acts of infringement within the State of Texas or in this District and, on that basis, deny the remaining allegations of Paragraph 9 of the Complaint.

## THE PATENT-IN-SUIT

10.   Defendants admit that a purported copy of the '975 Patent is attached to the Complaint as Exhibit A and that the face of that patent indicates that it was issued on July 9, 2019, and is entitled "Third Brake Light Antenna Mount." Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 concerning whether "BPD is the owner of the entire right, title, and interest in and to U.S. Patent No. 10,347,975," and on that basis, deny all such allegations. Defendants deny any remaining allegations in Paragraph 10 of the Complaint.

11.   Defendants deny the allegation in Paragraph 11 of the Complaint.

## FACTUAL BACKGROUND

12.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, on that basis, deny all such allegations.

13.   Defendants admit the allegations in Paragraph 13 of the Complaint, but Defendants deny they have committed or are committing acts of infringement and deny Plaintiff

is entitled to any relief.

14. Defendants admit the allegations in Paragraph 14 of the Complaint, but Defendants deny they have committed or are committing acts of infringement and deny Plaintiff is entitled to any relief.

### DEFENDANTS' [ALLEGED] INFRINGEMENT

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

### COUNT FOR [ALLEGED] PATENT INFRINGEMENT

18. Defendants incorporate by reference each of their responses set forth in Paragraphs 1–17 above as if fully set forth herein.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

### [PLAINTIFF'S] PRAYER FOR RELIEF

Defendants deny the Plaintiff is entitled to any relief from Defendants and deny all the allegations contained in Paragraphs (1)–(8) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Defendants' Affirmative Defenses are listed below. Defendants reserve the right to amend their answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

Defendants have not infringed and do not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '975 Patent.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '975 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '975 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Defendants' actions allegedly infringe the '975 Patent, Defendants are not liable to Plaintiff for the acts alleged to have been performed before Defendants received actual notice that they were allegedly infringing the '975 Patent.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Defendants indirectly infringe, either by contributory infringement or inducement of infringement, Defendants are not liable to Plaintiff for the acts alleged to have been performed before Defendants knew that their actions would cause indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the asserted patent, from asserting any interpretation of any valid, enforceable claims of the '975 Patent that would be broad enough to cover any accused product alleged to infringe the asserted patent, either literally or by application of the doctrine of equivalents.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Should Defendants be found to infringe any valid, enforceable claim of the '975 Patent, such infringement was not willful.

## EIGHTH AFFIRMATIVE DEFENSE

Should Defendants be found to infringe any valid, enforceable claim of the '975 Patent, such infringement was not willful.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorneys' fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

## TENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to add an additional defense of inequitable conduct if and when such information is discovered.

## DEFENDANTS' COUNTERCLAIMS

For its counterclaims against Plaintiff Neal Technologies, Inc. d/b/a Bullet Proof Diesel ("Plaintiff" or "BPD"), Counterclaim Plaintiffs Larson Electronics, LLC ("Larson") and Robert Bresnahan ("Bresnahan") allege as follows:

## PARTIES

1. Counterclaim Plaintiff Larson Electronics, LLC is a corporation organized and existing under the laws of the State of Texas, with a principal place of business located at 9419 E Highway 175, Kemp, TX 75143-3357.

2. Counterclaim Plaintiff Robert Bresnahan is citizen and resident of the State of Texas.

3. Upon information and belief based solely on Paragraph 3 of the Complaint as pled by Plaintiff, Counterclaim Defendant Neal Technologies, Inc. d/b/a Bullet Proof Diesel is incorporated under the laws of the State of Arizona with its principal place of business at 4245 East Palm Street, Mesa, Arizona 85215.

## JURISDICTION

4. Larson and Bresnahan incorporate by reference Paragraphs 1–3 above.

5. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

6. BPD has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

7. Based solely on BPD's filing of this action, venue is proper for purposes of these counterclaims, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT

8. Larson and Bresnahan incorporate by reference Paragraphs 1–7 above.

9. Based on BPD's filing of this action and at least Larson and Bresnahan's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Larson and/or Bresnahan infringe U.S. Patent No. 10,347,975 (the "'975 Patent").

10. Neither Larson nor Bresnahan infringe at least claim 1 of the '975 Patent because, *inter alia*, the accused system does not comprise: (1) "an upper wall, a lower wall and a pair of side walls joined by a plurality of curvilinear corners"; or (2) "a mounting boss."

11. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Larson and Bresnahan request a declaration by the Court that it has not infringed and does not infringe any claim of the '975 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II
## DECLARATION REGARDING INVALIDITY

12. Larson and Bresnahan incorporate by reference Paragraphs 1–11 above.

13. Based on BPD's filing of this action and at least Larson and Bresnahan's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '975 Patent.

14. The asserted claims of the '975 Patent are anticipated and/or rendered obvious by, *inter alia*, the Acari Drill-Free Rooftop Mounting Platform and U.S. Patent Nos. 2,779,524, 5,160,906, 5,918,929, 6,530,621, 7,399,024, 8,511,526, and 8,899,805.

15. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Larson and Bresnahan request a declaration by the Court that the claims of the '975 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including

without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Larson and Bresnahan ask this Court to enter judgment in Larson and Bresnahan's favor and against BPD by granting the following relief:

a) a declaration that the '975 Patent is invalid;

b) a declaration that Larson and Bresnahan do not infringe, under any theory, any valid claim of the '975 Patent that may be enforceable;

c) a declaration that BPD take nothing by its Complaint;

d) judgment against BPD and in favor of Larson and Bresnahan;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Larson and Bresnahan of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## JURY DEMAND

Larson and Bresnahan hereby demand trial by jury on all issues.

Dated: May 22, 2020

Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: */s/ Lance Wyatt*
    Neil J. McNabnay
    Texas Bar No. 24002583
    mcnabnay@fr.com
    Ricardo J. Bonilla
    Texas Bar No. 24082704
    rbonilla@fr.com
    Lance Wyatt
    Texas Bar No. 24093397
    wyatt@fr.com
    1717 Main Street, Suite 5000
    Dallas, Texas 75201
    (214) 747-5070 – Telephone
    (214) 747-2091 – Facsimile

**COUNSEL FOR LARSON ELECTRONICS, LLC AND ROBERT BRESNAHAN**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 22, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Lance Wyatt*
Lance Wyatt